IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA FIELDS<br>2636 South 9th Street<br>Philadelphia, PA 19148<br><br>     Plaintiff,<br><br>v.<br><br>AIT WORLDWIDE LOGISTICS, INC.<br>701 North Rohlwing Road<br>Itasca, IL 60143<br><br>     Defendant. | CIVIL ACTION NO. _____<br><br>**JURY TRIAL DEMANDED** |

## **COMPLAINT – CIVIL ACTION**

Plaintiff, Cynthia Fields ("Plaintiff"), by and through her undersigned attorney, for her Complaint against AIT Worldwide Logistics, Inc. ("Defendant"), alleges as follows:

## **INTRODUCTION**

1. Plaintiff brings this action to redress violations by Defendant of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. § 333, *et seq.*, by misclassifying her as an exempt employee thereunder. Plaintiff also asserts that Defendant willfully interfered with the exercise of her rights pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.* Plaintiff further contends that Defendant has violated the provisions of the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, *et seq.*, by failing to pay certain wages and benefits earned, due, and owing to Plaintiff pursuant to Defendant's policies, practices, and agreements with Plaintiff.

1

## PARTIES

2. Plaintiff, Cynthia Fields, is an adult American citizen who currently maintains a residence at 2636 South 9th Street, Philadelphia, PA 19148.

3. Upon information and belief, Defendant, AIT Worldwide Logistics, Inc., is a for-profit corporation organized and existing under the laws of the State of Illinois, that conducts operations in several states, including the Commonwealth of Pennsylvania, where it is located and authorized to conduct business at 701B Ashland Avenue, Folcroft, PA 19032.

4. Upon information and belief, at all times pertinent hereto, Defendant has been engaged in an industry affecting commerce and has had fifty (50) or more employees for each working day in each of the twenty (20) or more workweeks in the current or preceding year.

## JURISDICTION AND VENUE

5. Paragraphs 1 through 4 are hereby incorporated by reference as though the same were fully set forth at length herein.

6. This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b).

7. This Court also has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331.

8. This Court has jurisdiction over Plaintiff's FMLA claim pursuant to 28 U.S.C. §§ 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

9. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same nucleus of operative facts as her federal claims.

10. The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the unlawful practices of which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania, in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

11. Paragraphs 1 through 10 are hereby incorporated by reference as though the same were fully set forth at length herein.

12. On August 5, 2005, Plaintiff began working for Defendant. In or around February of 2010, Plaintiff became Defendant's Operations Manager and worked in that capacity at all times relevant hereto.

13. On or about January 19, 2017, Plaintiff was separated from employment with Defendant.

## FACTS RELEVANT TO WAGE CLAIMS

14. Paragraphs 1 through 13 are hereby incorporated by reference as though the same were fully set forth at length herein.

15. As Operations Manager, Plaintiff's job duties included reporting to Defendant on the operations of the business, ordering supplies, calculating payroll, quoting prices, and booking shipments. At no time during her employment did Plaintiff exercise independent discretion in carrying out these job duties. Indeed, Plaintiff conducted the aforementioned duties under strict protocols and procedures set by Defendant, reporting her every action to her immediate supervisor, Station Manager Wade Hampton ("Mr. Hampton").

16. Plaintiff was scheduled to work from 8:00 AM to 5:00 PM, Monday through Friday. However, Plaintiff's actual hours were, on average, 7:30 AM to 8:00 PM, Monday through Friday. In addition, Plaintiff was on-call nearly every weekend.

17. At all relevant times during her employment with Defendant, Plaintiff was paid a salary of $ 1,250 per week, plus occasional, yearly bonuses.

18. Despite her scheduled hours, Plaintiff regularly worked in excess of 40 hours per week. In a typical week, she would be required to work 55–60 hours per week, and occasionally, Defendant would require her to work more than 60 hours per week.

19. Frequently, while Plaintiff was on-call during the weekend, she would be required to either come in to work or conduct work from home, resulting in several hours of work in addition to her 55–60-hour workweek.

20. Despite the fact that Plaintiff regularly worked in excess of 40 hours per week, Plaintiff did not receive overtime compensation for worked performed in excess of 40 hours per week.

21. Plaintiff was only paid her weekly salary of $ 1,250 per week regardless of the number of hours she actually worked.

22. Defendant classified Plaintiff as "exempt" under the FLSA/PMWA and therefore determined that Plaintiff was not entitled to overtime compensation.

23. Defendant unlawfully misclassified Plaintiff as "exempt," despite Plaintiff not being exempt from receiving overtime compensation.

24. Plaintiff did not have the actual authority to hire or fire other employees employed by Defendant, nor were any suggestions or recommendations made by Plaintiff with respect to employee status changes given significant weight by Defendant. Further, Plaintiff did not have the actual authority to direct the work of any other employees, as, upon information and belief, none of the other, approximately eight (8), employees working directly with Plaintiff considered Plaintiff their direct supervisor but instead reported to Mr. Hampton. Thus, Plaintiff was not

exempt from receiving overtime compensation pursuant to the exemption for executive employees under the FLSA/PMWA.

25. Plaintiff did not exercise any discretion or independent judgment over matters of significance on behalf of Defendant. Rather, Plaintiff's primary job duties were conducted within the confines of strict protocols and procedures put in place by Defendant, from which Plaintiff could not deviate. Furthermore, Plaintiff was required to frequently report and answer to her direct supervisor, Mr. Hampton, in connection with her job duties. Thus, Plaintiff was not exempt from receiving overtime compensation pursuant to the exemption for administrative employees under the FLSA/PMWA.

26. Finally, there are no other exemptions under the FLSA and/or PMWA that would be applicable to Plaintiff.

27. Accordingly, Plaintiff was, within the meaning of the FLSA/PMWA, a non-exempt employee of Defendant.

28. Defendant failed to pay Plaintiff a rate of at least 1.5 times her regular rate of pay for each hour that she worked in excess of 40 hours in a workweek.

29. As a result of Defendant's aforesaid illegal actions, Plaintiff has suffered damages.

### FACTS RELEVANT TO FMLA CLAIM

30. Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31. Upon information and belief, Defendant employed in excess of fifty (50) employees at or within a seventy-five (75) mile radius of Plaintiff's worksite in twenty (20) or more workweeks in the current or preceding year.

32. Plaintiff was a full-time employee of Defendant and worked in excess of 40 hours

every workweek.

33. In or around the beginning of 2016, Plaintiff's mother was diagnosed with lung cancer for the second time

34. In or around April and May of 2016, Plaintiff's mother was admitted to the hospital for complications from her lung cancer.

35. As a result, Plaintiff requested a period of leave in order to care for her mother.

36. Plaintiff submitted all the required paperwork to Defendant and Defendant approved Plaintiff's leave, characterizing said leave as FMLA-qualifying.

37. During her leave of absence, Plaintiff used "earned and banked" paid time off, as allowed under the FMLA and Defendant's policies and procedures. Indeed, Plaintiff used approximately twenty-eight (28) days of her "earned and banked" paid time off while she was on leave to care for her mother.

38. Despite Plaintiff being on approved FMLA leave and using "earned and banked" paid time off while caring for her mother, Defendant expected Plaintiff to continue working remotely while on leave.

39. Indeed, every day she was at the hospital with her mother, Plaintiff was also logged into Defendant's computer system remotely, doing work for Defendant while she was supposed to be on leave.

40. Plaintiff was doing substantially the same amount of work for Defendant remotely while on leave that she would have been doing if she had been working for Defendant as she normally did.

41. Defendant's expectation that Plaintiff continue to work while on FMLA-qualifying leave is clear interference with the same, in violation of the FMLA.

42. Further, upon information and belief, Defendant had a policy at the time of Plaintiff's separation from employment that would have provided for the payment of Plaintiff's "earned and banked" paid time off.

43. Absent Plaintiff's FMLA leave, with which Defendant wrongfully interfered, Plaintiff would not have used her approximately twenty-eight (28) days of "earned and banked" paid time off between April of 2016 and her subsequent separation from employment in January of 2017.

44. Accordingly, Defendant would have been required to pay Plaintiff for the approximately 28 days of "earned and banked" paid time off that Plaintiff had accrued upon her separation.

45. Defendant willfully violated the provisions of the FMLA by interfering with Plaintiff's FMLA leave.

46. Furthermore, Plaintiff should be compensated for the "earned and banked" paid time off days she used during her FMLA leave, as the work she did during her leave amounted to not having taken leave at all and she would not have used "earned and banked" paid time off had she not taken said leave.

47. As a result of Defendant's deliberate, willful, malicious, and unlawful actions, Plaintiff has suffered economic damages in the form of nonpayment at separation of her "earned and banked" paid time off that Plaintiff used during her FMLA leave, with which Defendant substantially interfered.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION

48. Paragraphs 1 through 47 are hereby incorporated by reference as though the same